**In the Matter of the Claim of John DOE (this name being fictitious), Plaintiff,**

v.

**The CITY OF NEW YORK, the City of New York Commission on Human Rights, Dennis Deleon, as Commissioner/Chair of the City of New York Commission on Human Rights and Individually, and Karen Arthur as an employee of the City of New York Commission on Human Rights and Individually, Defendants.**

No. 92 Civ. 8044 (TPG).

United States District Court, S.D. New York.

June 14, 1993.

Mark G. Brossman, Chadbourne & Parke, New York City (Marla Hassner and Randy Amster, of counsel), for plaintiff.

O. Peter Sherwood, Corp. Counsel for the City of New York, New York City (Neil M. Corwin, Asst. Corp. Counsel, of counsel), for defendants.

### *OPINION*

GRIESA, Chief Judge.

This action is the result of a press release issued by the New York City Commission on Human Rights. The release allegedly led to the identification of plaintiff as HIV positive. Plaintiff claims that the release breached one of the terms of a conciliation agreement signed by the Commission. The complaint contains a cause of action for breach of contract. The complaint also asserts a cause of action under 42 U.S.C. § 1983, alleging a violation of a constitutional right of privacy. Finally, the complaint claims violation of

plaintiff's right of confidentiality guaranteed under New York Public Health Law § 2782(1).

Defendants are the Commission; its commissioner, Dennis deLeon; and a Commission employee, Karen Arthur.

Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The motion is granted.

### THE COMPLAINT

The following are the allegations in the complaint.

Plaintiff was one of several hundred employees of Pan Am who was laid off when Pan Am went into bankruptcy in 1991. Plaintiff interviewed for a job with Delta which took over many of Pan Am's routes, but he was not hired.

On February 18, 1992 plaintiff filed a complaint against Delta with the New York City Commission on Human Rights alleging that Delta had failed to hire him because of his sexual orientation, and because he was HIV positive.

On August 3 the Law Enforcement Bureau of the Commission, Delta and plaintiff entered into a conciliation agreement whereby plaintiff was hired by Delta. Plaintiff also received retroactive back pay and seniority privileges as well as monetary damages.

Paragraph 18 of the conciliation agreement provides as follows:

> Except as required by any court or agency or upon the written consent of Doe or his attorney, Delta and the [Commission's Law Enforcement] Bureau agree not to disclose Doe's given name through any oral or written communication which identifies Doe by his given name as the plaintiff in this lawsuit or as a settling party to this Conciliation Agreement to any person that is not a party to or involved with this proceeding.

The reference to "this lawsuit" relates to the administrative complaint described above.

On August 4, 1992 plaintiff reported to work at Delta. Plaintiff alleges that, at the time he returned to work, none of his co-

workers at Delta or former co-workers at Pan Am knew of the circumstances surrounding his employment at Delta or that he was HIV positive.

Plaintiff contends that although he had learned of his HIV status in 1989, he had attempted to keep this information a secret. In fact, according to plaintiff, the only people to whom he had personally disclosed his HIV status were his doctor, his lawyers and representatives of the Commission.

On August 6 defendants issued a press release disclosing the terms of the conciliation agreement. Plaintiff alleges that the release, while not expressly giving his name, contained information from which his identity and HIV status could be determined by those who know him.

On August 7 and 8 various New York area newspapers published articles based on the press release. Plaintiff alleges that these articles resulted in the disclosure of his HIV status to all of his Delta co-workers and many of his former Pan Am co-workers.

## DISCUSSION

The only claim under federal law is the one under § 1983 alleging violation of a constitutional right of privacy.

The situation here involves a matter which was before a public agency, the New York City Commission on Human Rights. Title 8 of the New York City Administrative Code provides that every conciliation agreement reached in a proceeding of the kind brought by plaintiff

> shall be made public unless the complainant and respondent agree otherwise and the commission determines that disclosure is not required to further the purposes of this chapter.

 Plaintiff's proceeding before the Commission and the resulting conciliation agreement would have been a matter of public record but for the non-disclosure provision of the agreement. The constitutional right to privacy does not extend to matters of public record. *See Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 494–495, 95 S.Ct. 1029, 1045–46, 43 L.Ed.2d 328 (1975); *Scheetz v. The Morning Call, Inc.,* 946 F.2d 202, 207

(3d Cir.1991). Whatever right of confidentiality plaintiff had came from the contract he entered into with Delta and the Commission, and stems from the contract not the Constitution. There is a difference of view among the parties as to the proper interpretation of the contract. What needs to be litigated here is the issue of contract interpretation.

The cause of action under 42 U.S.C. § 1983 is dismissed. The remaining causes of action are claims under state law. They are dismissed for lack of jurisdiction.

Defendants' motion to dismiss the complaint is granted.

SO ORDERED.